IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANNE NELSON,

      Plaintiff,                            No. CIV S-04-1103 DFL KJM PS

   vs.

PLACER COUNTY, et al.,

      Defendants.              ORDER

_____/

       Plaintiff's motions to appoint counsel and to modify the scheduling order and for protective order regarding plaintiff's deposition are presently calendared for hearing March 22, 2006. As provided by Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the file in this action, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

       Plaintiff again has moved for appointment of counsel under Local General Order 230. This order requires the court to determine whether: (1) plaintiff's income is 125 percent or less of the current poverty threshold established by the Office of Management and Budget of the United States and is otherwise without resources to obtain counsel; (2) this case is of a type that attorneys in this district ordinarily do not accept without prepayment of fee; (3) this case is not a fee generating case within the meaning of California Business and Professions Code § 8030.4(g);

1

and (4) this case has sufficient merit to warrant appointment. Upon consideration of these factors and review of the voluminous pleadings in this action, the court finds appointment of counsel is not warranted.

Plaintiff requests a further extension of the discovery cut-off. This action was filed June 9, 2004. A scheduling order duly issued on March 22, 2005 setting a discovery cut-off of October 5, 2005. The scheduling order was modified based on the request of the parties by order filed September 23, 2005. The discovery cut-off is presently set for March 22, 2006. Plaintiff has failed to demonstrate good cause for further modification of the scheduling order and plaintiff's request therefore will be denied.

Plaintiff also seeks a protective order precluding further deposition of herself. Plaintiff contends defense counsel unreasonably refused to complete her deposition in one day and that she is subject to further deposition. Plaintiff does not indicate defendants have attempted to further depose plaintiff. Absent a showing under Federal Rule of Civil Procedure 30(d)(2), plaintiff is not subject to further deposition and plaintiff's request is therefore not ripe.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel is denied.
2. Plaintiff's request to extend the discovery cut-off is denied.
3. Plaintiff's motion for protective order is denied.

DATED: March 13, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
nelson.sub