1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DIANNE NELSON,

11           Plaintiff,                    No. CIV S-04-1103 DFL KJM PS

12       vs.

13   PLACER COUNTY, et al.,

14           Defendants.          FINDINGS AND RECOMMENDATIONS

15   _____/

16           The motion for summary judgment, or in the alternative summary adjudication, by

17   defendants Armstrong, Bloomfield, McInerney and Meeh, and joinder therein by defendant

18   LaBouff, came on regularly for hearing on February 22, 2006.  Plaintiff appeared telephonically

19   in propria persona. Jamie Edwards appeared telephonically for defendants Armstrong,

20   Bloomfield, McInerney and Meeh.  Richard Crabtree appeared telephonically for defendant

21   LaBouff.  Upon review of the motion, the documents in support and opposition, upon hearing the

22   arguments of plaintiff and counsel, and good cause appearing, THE COURT FINDS AS

23   FOLLOWS:

24           In this action, plaintiff alleges claims under 42 U.S.C. §§1983, 1985 and 1986

25   arising out of Placer County Code Enforcement conduct occurring at plaintiff's home in Placer

26

1

1    County.[1]  As explained further below, plaintiff contends that the moving defendants' acts and/or

2    omissions led to further damage and injuries to plaintiff, caused by constitutional rights

3    violations by Placer County Code Enforcement personnel.   Plaintiff requests the court take

4    judicial notice of several exhibits.  Defendants have objected based on lack of authentication.

5    The objection is well taken.  In light of plaintiff's pro se status, the court has reviewed plaintiff's

6    exhibits before issuing these findings and recommendations.  It appears that even if

7    authenticated, these exhibits do not advance plaintiff's case.[2]

8    I. Allegations in Complaint

9            Plaintiff alleges specifically that defendant Armstrong was notified by plaintiff

10   that someone reportedly had impersonated defendant Meeh with respect to a Code Enforcement

11   complaint. Second Am. Compl. ¶¶ 59, 133.  Defendant Armstrong's failure to investigate the

12   alleged impersonation caused plaintiff further damage and injuries resulting from constitutional

13   rights violations by Code Enforcement personnel.  Id. ¶ 133.

14           Defendant Bloomfield's failure to reply to plaintiff's letter, in which plaintiff

15   detailed alleged constitutional rights violations by Code Enforcement personnel, resulted in still

16   further damage, injuries and constitutional rights violations by Code Enforcement personnel.  Id.

17   ¶¶ 76, 132.

18           Defendant LaBouff also received written correspondence from plaintiff, in which

19   she detailed constitutional violations by Code Enforcement personnel.  Id. ¶ 132.  Defendant

20

21       [1]   As to plaintiff's claims arising under 42 U.S.C. §§ 1985 and 1986, plaintiff fails to allege
     plaintiff is within a protected class; therefore plaintiff does not state a cognizable cause of action for
22   conspiracy.

23       [2]   The court also acknowledges receipt of plaintiff's last minute filing after business hours
     on February 21, 2006.  Counsel for defendant LaBouff did not receive the last minute filing prior to
24   oral argument on February 22, 2006.  Plaintiff cites Federal Rule of Civil Procedure 56 as allowing
     the last minute filing.  However nothing in Rule 56 expressly allows such a filing, and the local rules
25   expressly provide for much earlier filing of opposition.  See Local Rule 78-230(c).  As with the
     plaintiff's exhibits covered by her judicial notice request, the court has reviewed plaintiff's late filing
26   but determined that it does not alter the determination reached below.

1  LaBouff's failure to investigate her allegations also resulted in further damage, injuries and

2  constitutional rights violations by Code Enforcement personnel.  Id. ¶¶ 76, 132.

3          Plaintiff alleges defendant McInerney was aware that the Code Enforcement file

4  remained open after a settlement agreement was reached.  Id. ¶ 46.  Defendant McInerney's

5  failure to act resulted in continued injury and damage to the plaintiff.  Id. ¶¶ 46, 76, 99.

6          Finally, plaintiff alleges defendant Meeh's failure to report the forging of his

7  name on the Code Enforcement complaint caused plaintiff damage, injury and constitutional

8  rights violations by Code Enforcement personnel.  Id. ¶¶ 59-61, 99, 134.

9  II.  Analysis

10         The Civil Rights Act under which this action was filed provides as follows:

11         Every person who, under color of [state law] . . . subjects, or causes to be
           subjected, any citizen of the United States . . . to the deprivation of any rights,
12         privileges, or immunities secured by the Constitution . . . shall be liable to the
           party injured in an action at law, suit in equity, or other proper proceeding for
13         redress.

14  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

17  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

19  omits to perform an act which he is legally required to do that causes the deprivation of which

20  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21         Moreover, supervisory personnel generally are not liable under section 1983 for

22  the actions of their employees under a theory of respondeat superior and, therefore, when a

23  named defendant holds a supervisorial position, the causal link between him or her and the

24  claimed constitutional violation must be specifically alleged.  See Ivey v. Board of Regents, 673

25  F.2d 266, 268 (9th Cir. 1982).

26  /////

3

1        Defendants Armstrong, Bloomfield, LaBouff, McInerney and Meeh at no time had

2  supervisory authority over Code Enforcement personnel.  Declaration of Richard Armstrong ¶ 4;

3  Declaration of Rex Bloomfield ¶ 4; Declaration of Anthony LaBouff ¶ 5; Declaration of Joseph

4  McInerney ¶ 5; Declaration of Dennis Meeh ¶ 6.  Plaintiff merely alleges defendants either

5  received letters or were aware that the Code Enforcement file remained open after the settlement.

6  Plaintiff presents no cognizable evidence supporting a claim of supervisory liability because no

7  constitutional violation can be linked to the conduct of the moving defendants.  Moreover, based

8  on a review of plaintiff's voluminous pleadings, it does not appear that plaintiff can amend the

9  complaint to show liability under § 1983.  The lack of supervisory authority is dispositive;

10  summary judgment therefore should be granted.[3]

11        Accordingly, IT IS HEREBY RECOMMENDED that summary judgment be

12  granted in favor of defendants Armstrong, Bloomfield, LaBouff, McInerney and Meeh.

13

---

14     [3]  Defendants' remaining contentions also have merit.  On July 11, 2000 plaintiff entered into the settlement agreement with defendant Placer County, in which plaintiff released all claims

15  arising out of matters that could have been the subject of a government tort claim against defendant Placer County.  Plaintiff's tort claim alleged events occurring between June 1999 and February 2000,

16  involving Code Enforcement personnel.  The portions of the complaint alleging constitutional violations based on the same alleged violations compromised by the settlement agreement are thus

17  barred.  Release of All Claims, Declaration of Linda Puppione, Exhibit C; cf. Second Am. Compl. ¶¶ 40-41.

18     Plaintiff filed the original complaint on August 26, 2003.  Thus, the claims based on conduct occurring before August 26, 2002, are barred by the statute of limitations.  Cal. Code Civ.

19  Proc. § 340 (amended 2002 to extend limitations period from one year to two years for conduct occurring after January 1, 2003); see also Wilson v. Garcia, 471 U.S. 261, 268-71, 276 (1985); see

20  Second Am. Compl.¶ 14.

21     As a threshold matter, defendants Armstrong and Meeh, Placer County Sheriff peace officers, had no duty to investigate plaintiff's allegation of an "impersonation" on a Code

22  Enforcement complaint form.  See Martinez v. California, 444 U.S. 277, 284-85 (1980); Ketchum v. County of Alameda, 811 F.2d 1243, 1247 (9th Cir. 1987); cf. Second Am. Compl. ¶¶ 59-61.

23     Finally, defendants are entitled to qualified immunity. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as

24  their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In this case,

25  the alleged conduct of the moving defendants cannot be linked to a constitutional violation, thus summary judgment based on qualified immunity is appropriate.  Saucier v. Katz, 533 U.S. 194,

   201-02 (2001); see also  Brosseau v. Haugen, 543 U.S. 194, 198 (2004); Harlow, 457 U.S. at 818.

26

1       These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, as provided by Title 28 U.S.C. § 636(b)(1).  Within ten days after

3  being served with these findings and recommendations, any party may file written objections

4  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

5  to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be

6  served and filed within ten days after service of the objections.  The parties are advised that

7  failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  April 4, 2006.

10

11

12                   UNITED STATES MAGISTRATE JUDGE

13

14

    DMC

15  nelson.f&r

16

17

18

19

20

21

22

23

24

25

26