IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANNE NELSON,

      Plaintiff,                    No. CIV S-04-1103 DFL KJM PS

   vs.

PLACER COUNTY, et al.,

      Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

         Pending before the court is defendants' motion for summary judgment. The motion was filed April 28, 2006 and noticed for hearing May 31, 2006. Because plaintiff did not timely file opposition, the matter was continued for hearing on June 28, 2006 and plaintiff was directed to file opposition no later than June 7, 2006. The court then received a letter from plaintiff, which the court construed as a request for extension of time. The June 28, 2006 hearing accordingly was vacated and plaintiff was directed to file opposition no later than July 7, 2006. On July 7, 2006, plaintiff filed a document wherein she asserts she cannot type or even write very much. This assertion is belied by the attached three page single spaced document, which plaintiff characterizes as a news release; the release, apparently distributed to a long list of media outlets, lists plaintiff as the sole contact. No substantive opposition to the motion for summary judgment has been filed.

1

1      The Federal Rules of Civil Procedure provide for dismissal of actions based on
2 lack of prosecution.  Fed. R. Civ. P. 41(b).  Pro se litigants are bound by the rules of procedure,
3 even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567
4 (9th Cir. 1987).  In determining whether to dismiss for lack of prosecution, generally the court
5 considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to
6 manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring
7 disposition of cases on their merits, and (5) the availability of less drastic sanctions.  See, e.g.,
8 Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The court may dismiss a case sua
9 sponte for lack of prosecution by the plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel,
10 Inc., 898 F.2d 1428 (9th Cir. 1990).  Sua sponte dismissal requires a "close focus" on
11 consideration of "less drastic alternatives" and whether or not there has been a "warning of
12 imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

13      In determining that this action will be dismissed, the court has considered all the
14 factors set forth in Al-Torki.  The first two factors on their face favor the imposition of sanctions
15 in this case which has been pending for over three years.  Compare Wanderer v. Johnston, 910
16 F.2d 652, 656 (9th Cir.1990).  Regarding the third factor, defendants already have briefed their
17 summary judgment motion, and would be prejudiced by the need for further litigation of this
18 matter despite plaintiff's non-responsiveness.  Moreover, delay itself generally is prejudicial --
19 witness memories fade and evidence becomes stale or undiscoverable.  While the fourth factor
20 favors resolution on the merits, in this case plaintiff has declined to provide a substantive
21 opposition to summary judgment and has thus precluded the court's evaluation of the potential
22 merits of such an opposition.  Under these circumstances, the fourth factor is outweighed by the
23 others.

24      Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal,
25 as required by Oliva, the court in both its May 19, 2006 and June 16, 2006 orders advised
26 plaintiff that this action is subject to dismissal, directed plaintiff to file opposition, and granted

ample additional time to oppose the pending motion after plaintiff failed to timely oppose defendants' motion for summary judgment, all to no avail.  All plaintiff offers are excuses for failing to file substantive opposition to a motion that has been pending since April 2006.  Plaintiff has not offered one shred of evidence or one legal argument in opposition.  The court therefore concludes there is no suitable alternative less drastic sanction to dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
nelson.nop.57